For opinion of PROVOSTY, J., dissenting in part, see 86 South. 683.

On Motion to Modify Decree.

PER CURIAM. [8] Counsel for plaintiff has filed in this case, since the decision on rehearing, a motion suggesting that our decree on rehearing does not make it plain as to whether the interest allowed at the legal rate by the lower court was also affirmed. We can see no occasion to construe or misinterpret the decree in question, for it merely reduced the amount of the judgment in plaintiff's favor, and affirmed the same in all other respects, which necessarily carries with it the affirmance of the judgment of the district court allowing legal interest as therein set forth.

MONROE, C. J., takes no part.

———

(86 South. 716)

No. 24271.

STATE ex rel. PARKER, Governor, et al. v. SKINNER, Judge.

CITY OF NEW ORLEANS v. DAMERON et al.

(Nov. 3, 1920. Rehearing Denied Nov. 29, 1920.)

(Syllabus by Editorial Staff.)

1. Constitutional law ⬤═42 — An unconstitutional statute has no legal effect.

An unconstitutional statute is null and void, and is entitled to no force, and may be opposed by any one whom it would prejudicially affect.

2. Statutes ⬤═63 — Attack on an unconstitutional statute should be in the courts.

An unconstitutional statute should not be opposed vi et armis, but should be opposed by invoking the intervention of the courts.

3. Constitutional law ⬤═70(1) — Courts have jurisdiction where the constitutionality of a statute is questioned.

Where the mayor of the city of New Orleans, acting in his individual capacity of citizen and elector, alleged the unconstitutionality and consequent nullity of Act No. 37 of 1920, creating a board or commission charged with the duty of investigating the management of the affairs of cities of over 100,000 inhabitants, of which New Orleans was the only one, the court had jurisdiction of such action.

4. Certiorari ⬤═5(1) — Certiorari will not issue, where there is a remedy by appeal.

Where the constitutionality of a statute is attacked, the matter may be reviewed by appeal; hence, prior to final determination, certiorari to review the matter will not issue, for the writ is not available, where there is a remedy by appeal.

In the matter of the application of the State of Louisiana, on the relation of John M. Parker, Governor, and A. V. Coco, Attorney General, for writs of certiorari and prohibition to Edward K. Skinner, Judge, to compel the certification of the record of proceedings by the city of New Orleans against Frank Dameron and others, to enjoin the organization of an investigation committee, under Act No. 37 of 1920, alleged to be unconstitutional, and to prohibit further proceeding, etc. Application denied.

A. V. Coco, Atty. Gen., L. E. Hall, Asst. Atty. Gen., and P. A. Sompayrac, of New Orleans, for relators.

I. D. Moore, City Atty. and John F. C. Waldo, Asst. City Atty., both of New Orleans, for respondent.

PROVOSTY, J. By Act No. 37 of 1920 a board or commission was created, charged with the duty of investigating the management of the affairs of the cities of the state of over 100,000 inhabitants—meaning New Orleans, the only city of the state of that population. The city of New Orleans and the mayor of the city, acting in his individual capacity of a citizen and elector, alleging

the unconstitutionality and consequent nullity of said act, enjoined the persons appointed by the Governor on the commission from acting or even organizing.

The latter filed a motion, asking that the injunction be dissolved, on the grounds: (1) That the petition showed no cause of action; (2) that the court was without jurisdiction; (3) that the act was valid; and (4) that the city and the mayor individually as a citizen and elector had no right of action in the premises; and asking, further, that the plaintiffs in injunction be ordered to show cause why the injunction should not be dissolved.

The Attorney General filed in the suit a pleading reciting that the state, "appearing herein through John M. Parker, Governor, and Adolph V. Coco, Attorney General," moved that the plaintiffs in the suit be ordered to show cause why, for the reasons stated in the pleading, the injunction should not be dissolved; the reasons stated being the same as those set forth in the plea of the defendants, viz. want of jurisdiction, etc.

The court made an order as prayed, and the case was tried in due course, and the motions were overruled; the court holding said Act 37 to be unconstitutional, and the plaintiffs to have a right of action in the premises.

Thereupon the Attorney General, in behalf of the state, filed in this court the present application, asking that the judge in whose court said suit is pending be ordered to send up to this court a certified copy of all the proceedings had in it, in order that their validity may be inquired into, and that he be, in the meantime, prohibited from proceeding further in the case, and that the said injunction be dissolved, and the prohibition to proceed further be made perpetual.

This court did not grant a stay order, but ordered a certified copy of the proceedings to be sent up, and cause to be shown why the relief prayed for by the state should not be granted.

The answer of the respondent judge may be said, in general terms, to be a denial of the grounds set forth in the motion to dissolve.

The issues thus presented are: (1) As to whether the court of the respondent judge has jurisdiction; (2) whether the plaintiffs have a right of action; and (3) whether the said Act 37 of 1920 is constitutional.

[1-3] An unconstitutional statute is null and void; has no legal existence whatever; is no statute. Such a mere simulacre of a statute, evidently, is not entitled to have force and effect as if it were valid. Consequently it may be opposed by any one whom its operation would affect prejudicially. This opposition may not be vi et armis, but only by invoking the intervention of the courts. Where the constitutionality of a statute is impugned, therefore, as in this case, the courts ex necessitate have jurisdiction of the controversy. If they did not, the situation would be that unconstitutional, null, and void, legally nonexistent, statutes, mere simulacres, would either have to be allowed to have the same force and effect as valid statutes, or have to be resisted vi et armis in their operation.

In that connection the following, which we excerpt from the return of the learned respondent judge, is interesting:

"Even where a committee of the Legislature —that is to say, a committee composed of members of the Legislature—is in process of exercising or discharging the functions for which it was appointed, the fact that it is a legislative committee will not exempt it or its activities from judicial scrutiny, if the object of the committee's activities or the manner in which its activities are exercised is unconstitutional. So, where Burnham was imprisoned by order of the House of Representatives of Massachusetts for failure to answer certain questions propounded to him by the committee of the house investigating the affairs of the

State Liquor Agency, upon the hearing of a writ of habeas corpus in his behalf the Supreme Judicial Court of Massachusetts, in Burnham v. Morrissey, 14 Gray, 238, 74 Am. Dec. 676, said:

" 'The House of Representatives is not the final judge of its own powers and privileges in cases in which the rights and liberties of the subject are concerned; but the legality of its action may be examined and determined by this court. That house is not the Legislature, but only a part of it, and is therefore subject' in its action to the laws, in common with all other bodies, officers, and tribunals within the commonwealth. Especially is it competent and proper for this court to consider whether its proceedings are in conformity with the Constitution and laws, because, living under a written Constitution, no branch or department of the government is supreme; and it is the province and duty of the judicial department to determine, in cases ·regularly brought before them, whether the powers of any branch of the government, and even those of the Legislature in the enactment of laws, have been exercised in conformity with the Constitution; and, if they have not been, to treat their acts as null and void.'

"In Emery's case, 107 Mass. 172, 9 Am. Rep. 22, a writ of habeas corpus issued against the sergeant at arms of the General Court of Massachusetts [the Legislature] was maintained, releasing from custody the relator, Emery, who had been summoned to testify before a joint special committee of the Senate and House. charged 'to inquire if the state police is guilty ·of bribery and corruption,' and he refused to testify, lest his answer should accuse him of an indictable offense, and furnish evidence against him by which he could be convicted; the Supreme Judicial Court holding that the provision of the Declaration of Rights that no subject shall be compelled to furnish evidence against himself applied to investigations conducted by the Legislature, notwithstanding a statute to the contrary, passed in relation to witnesses who might be called before the said joint special committee, saying:

" 'It is because the Constitution of Massachusetts is more potent, and above, not only the common law, but the Legislature also, controlling all tribunals and all departments of the government alike, as well as all inhabitants of the commonwealth, that this safeguard of individual rights cannot be suspended or invaded, either by general laws, or a special order of the legislative body or of any of its branches.' [107 Mass. 184, 9 Am. Rep. 22.]

"The Attorney General would assimilate the said board or commission to a committee of one of the houses of the Legislature, whose functions would be but an exercise of the legislative power, in such way that. the injunction would be an interference with the functioning of the legislative branch of the government; but such is not the situation. The said statute is a complete piece of legislation, which, like any other legislation, may be brought to the test of its consistency with the Constitution—the paramount law of the land—in the courts."

[4] Whether the respondent judge, in the exercise of the jurisdiction which his court thus has, has decided rightly the other issues raised by the motion to show cause, is a question which can be considered by this court when, if ever, the case comes here on appeal, and which therefore will not be considered on the present application for a certiorari; certiorari will not issue where there is a remedy by appeal. Bloomfield v. Thompson, 134 La. 923, on rehearing, and authorities cited at page 942 et seq., 64 South. 853. And, the said statute having been held to be unconstitutional, there is a right of appeal in this case.

The application for writs is therefore dismissed.

DAWKINS, J., concurs in the decree, for the reason that, since the constitutionality of a statute has been questioned, the courts have jurisdiction to determine that issue.