OVERTON, J.
 

 A hill of information was filed against defendant charging that, in the parish of Red River, on or about April 22, 1925, he “did willfully, maliciously, feloniously and unlawfully, fraudulenty and deceitfully detain one---, a female
 

 of the age of 13 years, against her will, by force, threats, and other means, at a deserted place in the woods, for the purpose of unlawful sexual intercourse, contrary to the form of the statute of the state of Louisiana, in such case made and provided, and against the peace and dignity of the same.”
 

 Defendant was tried on this charge, was found guilty, and was sentenced to serve not less than four nor more than six months in the penitentiary. From this sentence he has appealed.
 

 The only act that denounces the offense, here charged as a crime, is Act No. 10 of 1906. The state concedes that the prosecution was under this act. The act, including the title, reads as follows:
 

 '“An act making the detention of any woman against her will by force, threats, putting in bodily fear, or by any other means, at a house of ill fame or elsewhere, for the purpose of prostitution, a crime.
 

 “Section 1. Be it enacted by the General Assembly of the state of Louisiana, that any person who shall detain any woman against her will by force, threats, putting in bodily fear, or by any other means, at a house of ill fame, or ■any other place of any other name or description, for the purpose of prostitution
 
 or for any unlawful sexual intercourse;
 
 and any person who ■shall aid, abet, advise, encourage or assist in •such detention, shall on conviction be punished | by imprisonment at hard labor in the penitentiary for not more than five (5) years. [Italics ours.]
 

 “Sec. 2. Be it further enacted, etc., that all laws and parts of laws in conflict herewith are hereby repealed.”
 

 Defendant did not raise any question concerning the constitutionality of this act in the lower court. In this court, however, he has filed an assignment of error in which he alleges that the act is unconstitutional in so far as it denounces as a crime the detention of a woman by the means, and in one of the places, stated, for the purpose of unlawful sexual intercourse, for the reason that the act, to that extent, is broader than its title, and hence is violative of article 31 of the Constitution of 1898, the Constitution under which it was passed.
 

 One of the contentions of the state is that the unconstitutionality of an act cannot be urged for the first time on appeal by means of an assignment of error or by any other means, but necessarily must be first urged in the trial court by proper plea.
 

 Ordinarily this court will not notice a plea directed against the constitutionality of a statute made for the first time on appeal. This is the rule that ordinarily obtains In civil cases. However, the present case is a criminal one. 'If the act, to the extent mentioned, is unconstitutional, and defendant’s plea is not considered, the result will be that defendant will stand convicted of an offense, under the laws of the state, which is not in fact an offense against the state, for, as said in State ex rel. Barker v. Skinner, Judge, 148 La. 143, S6 So. 716:
 

 “An unconstitutional statute is null and void, has no legal existence whatever, is no statute.”
 

 Hence, if that part of the statute, under which-the indictment herein is framed, has no legal existence, it follows that defendant has been convicted of an offense, which, in reality, is unknown to the laws of this state. If defendant has been convicted of such an-offense.
 
 *631
 
 the error is a substantial one, patent upon the face of the record, and, being of that nature, may be urged for the first time on appeal, for, as said in State v. Nicolosi, 128 La. 836, on page 846, 55 So. 475, 478:
 

 “Nothing can be better settled than that all fatal defects such as cannot be cured by waiver in matters of form, and all fatal defects in matters of substance, such for instance as there being no such crime known to the law, may be brought up for the first time on appeal by assignment of error on the face of the record.”
 

 Moreover, the better rule seems to be that, in criminal cases, the constitutionality of the statute, under which the accused is being prosecuted may be raised for the first time on appeal. With reference to the right to so raise such a question, it is said in Corpus Juris, vol. 12, p. 786, that:
 

 “The general rule forbidding the raising of constitutional questions for the first time on appeal has, by some authorities, been applied to criminal cases, but by the better rule the question as to the constitutionality of a statute on which a criminal prosecution is based may be raised for the first time at any stage of the proceedings, either in .the trial court or on appeal.”
 

 And the reason why the foregoing is the better rule is, as said in a footnote to therule as stated in Corpus Juris, quoting from Schwartz v. People, 46 Colo. 239, 244, 104 P. 92, 94, it prevents the anomaly that otherwise might appear “of a person being found guilty of an.offense under, and paying the penalty for a violation of, despite a protest on this ground, the provision of a pretended law which in fact had and has no valid existence and is not a law.”
 

 Our conclusion is that the constitutionality of the act on which the prosecution is based may be attacked for the first time on appeal. In this view we may add that, in addition to the foregoing authorities, we are supported by the case of State of New Mexico v. Diamond, 27 N. M. 477, 202 P. 988, 20 A. L. R. 1527. The case of State v. Quinn, 155 La. 287, 99 So. 222, which is one cited by the state, does not materially detract from this view. That was a case in which an attempt was made to invoke our supervisory jurisdiction to have declared unconstitutional the act on which the prosecution was based when the constitutionality of the act had not been questioned by plea filed in the lower court. The court considered that, as the question had not been raised in the trial court, it was not properly before it for review, and dismissed the plea without further comment. The case, however, may be differentiated from the one at bar in that it did not come before us on appeal, but it was there sought to invoke our supervisory jurisdiction to have the act de-' Glared unconstitutional, when the constitutional question urged had not been raised in the lower court.
 

 We now reach the question itself, as to whether the act is unconstitutional in so far as it denounces as a crime the detention of a woman, in the manner and in one of the places stated in the act for the purpose of unlawful sexual intercourse. It will be recalled that the purpose of the act, as declared in its title, is to make “the detention of any woman against her will by force, threats, putting in bodily fear, or by any other means, at a house of ill fame or elsewhere, for the purpose of prostitution, a crime.” It will also be recalled that, in the body of the act, it is not only made a crime to so detain a woman for the purpose of prostitution, but also for the purpose of unlawful sexual intercourse. The contention of defendant, as we have already indicated, is that the title of the act gives no notice of the intention to make it a crime to thus detain a woman for the purpose of unlawful sexual intercourse,- but only for the purpose of prostitution, and hence that the act, to the extent that it denounces as a crime the detention of a woman for the purpose of unlawful sexual intercourse, is unconstitutional, for the reason that to that extent it violates article 31 of the Constitution of 1898,
 
 *633
 
 ■under which it was passed, which requires that the object of every act be stated in its title.
 

 We think that defendant is correct in his contention. In State v. Thibodeaux, 136 La. 935, 67 So. 973, quoting from Cyc. it was said:
 

 “In its most general sense, prostitution is the setting of one’s self to sale or devoting to infamous purposes what is in one’s power. In its more restricted and legal sense, it is the practice of a female offering her body to an indiscriminate intercourse with men, as distinguished from sexual intercourse confined to one man, or, as sometimes stated, common lewdness of a woman for gain; the act of permitting a common and indiscriminate sexual intercourse for hire.”
 

 From the foregoing excerpt it appears that prostitution is not the equivalent of unlawful sexual intercourse. While prostitution includes such intercourse, yet it includes something more, and it is that something more, to wit, the indiscriminateness of the intercourse, that is necessary to make the intercourse prostitution. Hence, as unlawful sexual intercourse requires something in addition to ■make it prostitution, prostitution may be said to have a more restricted meaning than unlawful sexual intercourse. Therefore, when the object of an act is stated in its title to be to make it a crime to detain a woman against her will by force, etc., at a house of ill fame or elsewhere, for the purpose of prostitution, the Legislature, under a. Constitution that re•quires that the object of an act shall be stated in its title, cannot make it a crime under such a title to so detain a woman for the purpose of unlawful sexual intercourse, for to do so would be to go beyond the title of the act. We therefore conclude that the act is unconstitutional to the extent that it undertakes to make it a crime to detain' a woman against her will, by force, threats, or putting in bodily fear, in a house of ill fame or elsewhere, for the purpose of unlawful sexual intercourse. Since defendant was charged with the violation of that provision of the statute, he must be discharged, no matter how repre-. hensible his act may have been.
 

 The record, in addition to the foregoing assignment of error, contains several bills of exception. However, the conclusion we have reached makes it unnecessary for us to discuss these bills. Moreover, they possess no merit.
 

 For the reasons assigned, the verdict and sentence appealed from are annulled and set aside, and defendant is ordered discharged.
 

 O’NIBLL, C. J., concurs in the decree.