No. 362

First Circuit

BASS ET AL. v. WEBER-KING MFG. CO.

(January 9, 1929. Opinion and Decree.)
(February 13, 1929. Rehearing Refused.)
(May 20, 1929. Reversed by Supreme Court
on Writs of Certiorari and Review.)

Bond, Curtis & Hall, of New Orleans, attorneys for plaintiff, appellee.

Gordon Boswell, of New Orleans, attorney for defendant, appellant.

A. B. Cavanaugh, of Leesville, attorney for plaintiffs, appellees.

Thompson & Ferguson, of Leesville, attorneys for defendant, appellant.

LECHE, J. Plaintiffs are the widow and minor children of Mose J. Bass, and their demand is for compensation under the Employers' Liability Law. They allege, in substance: That Mose J. Bass died on or about September 26, 1927. That his death was caused by injuries which he received while performing duties, and in the course of his employment, as an employee of the defendant. That defendant owns a sawmill which is supplied with logs cut in a forest, where its employees are daily conveyed on a logging train which is operated for that purpose. That on the morning of September 26, 1927, while thus being carried to his place of employment, the trailer on which he was riding was partially wrecked by some obstruction on the track. That plaintiff was violently thrown forward on the platform of the flat car provided by defendant for his conveyance, into a pile of angle bars and scrap iron, causing him to suffer a fatal nervous shock, inflicting severe injuries to his heart and other vital internal organs from which he never recovered. That on his way, returning to the sawmill, after performing his day's labor, he had to pull himself up into a caboose and, while lying on a bench therein, the train to which the caboose was attached, suddenly lurched, and he was thrown to the floor, causing total paralysis of the heart, from which he immediately died.

As a result of the death of said Bass, the plaintiffs, his widow and minor children, demand compensation at the rate of $20 for 300 weeks and $150 additional for funeral expenses.

Defendant excepted to plaintiffs' petition on the ground that it failed to show a cause of action. This exception is predicated on the ground that, at the time Bass is alleged to have died, there was no law fixing the amount of compensation in favor of the dependents, where the employee's injury resulted in death. The number of weeks is as essential in fixing total compensation as is the rate per week. If either the one or the other is not fixed by the lawmaker, then the amount of the compensation cannot be determined, and that is what defendant contends is the condition of the present claim.

The Employers' Liability Act, at page 51, Act of 1914, provides for compensation for injury causing death within one year after the accident, *during a period of three hundred weeks*. The amendment of 1922 (page 76, Act of 1922) and that of 1924 (page 400, Act of 1924) contain similar provisions, but in 1926 the law was again amended and re-enacted (Acts of 1926, pp. 116, 118), and the re-enactment is couched in the following language: "For injury causing death within one year after the accident there shall be paid to the legal dependents of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as hereinafter provided." But the act does not contain any further provision on the subject, and we find nothing "hereinafter provided" as to the length of time during which weekly compensation should be paid. There seems to be a hiatus in the law, and the court is confronted with the question as to whether it has the right and power to fix the duration of compensation in the absence of any legislative provision on that subject. At

pages 119, 120, of the Act of 1926, we find, under subparagraph (J), that, where payments of compensation have been made to the employee before his death, the compensation for dependents as provided for in this section shall begin on the date of the last of such payments, and shall not continue for more than 300 weeks from the date of the accident. But, where no compensation has been paid to the deceased employee before his death, the statute is silent as to the length of time during which it should be paid to his dependents after his death.

These provisions are all contained in section 8 of the act, which is divided and subdivided into numerous paragraphs and subparagraphs. It might be asserted, though not suggested in argument, that the Legislature from the terms of subparagraph (J) intended that weekly payments of compensation in favor of the dependants of an employee who had died as the result of an accident should continue for a period of 300 weeks; but that is merely an inference, as the court might with equal propriety and without violating the terms of the provision fix the duration at 100 or at 200 weeks.

The apparent hiatus in the act of 1926 is conceded by the lawmaker, as being fatal to the operation of the statute, for in 1928 (Acts of 1928, p. 358) the provision of the act of 1926, herein already quoted, was again re-enacted, and this time the words "for three hundred weeks" were actually inserted therein. The re-enactment of this provision of the statute shows that the Legislature considered that the period of 300 weeks contained in the Acts of 1914, 1922, and 1924 were repealed by the act of 1926, and that the inserted period was necessary in order to fix the total amount of compensation. Where the provision of a statute is re-enacted, all parts of the former provision not contained in the re-enactment are repealed. State ex rel. Brittain vs. Hayes, 143 La. 39, 78 So. 143; Flournoy vs. Walker, 126 La. 489, 52 So. 673.

There being no amount fixed by law for compensation in favor of the dependents of an employee who was killed as the result of an accident, at the time Bass died, as alleged in this case, defendant's exception of no cause of action should be maintained, the judgment of the district court should be reversed, and plaintiff's demand rejected, and it is so ordered.