No. 409

First Circuit

LAURANT v. DENDINGER, INC.

(February 13, 1929. Opinion and Decree.)

A. D. Schwartz and Harvey E. Ellis, of Covington, and R. D. Jones, of Franklinton, attorneys for plaintiff, appellee.

Dresner & Dresner, of New Orleans, attorneys for defendant, appellant.

LECHE, J. The appeal in this case was filed within three days of the return day and was therefore filed in time. The motion to dismiss is overruled. C. P. arts. 589, 883.

Plaintiff alleges that she is the widow of William Laurant; that her husband was killed by accident while performing duties as a laborer for defendant, and during the course of his employment; that she was entirely dependent upon her said husband for a living; that her husband died on September 12, 1927, and left no other dependent but herself. She prays for compensation at the rate of $4.87 per week, and for the costs of medical services and funeral expenses.

Defendant excepted to plaintiff's demand on various grounds, among which we shall take cognizance of only one, as we believe that it disposes of the present controversy.

At the time plaintiff's husband was killed, September 12, 1927, the law controlling the amount of compensation to which plaintiff would be entitled under the circumstances in this case, is contained in Act 85 of 1926, section 1, at page 116, amending section 8, sub-section 2, of Act 20 of 1914, and reads as follows:

"For injury . causing death within one year after the accident there shall be paid to the legal dependents of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as hereinafter provided."

We have searched in vain for a provision fixing the time or number of weeks during which such compensation should be paid. In point of fact, the Legislature failed to insert in the act, the anticipated provision which was to be "hereinafter provided."

The subsection or paragraph (j) at page 119 of the Act of 1926, in the same section 8, the pertinent part of which we have already quoted, provides that where payments of compensation have been made to the employee before his death, the compensation for dependents as provided for in this section shall begin on the ·date of the last of such payments and shall not continue for more than 300 weeks from the date of the accident. This clause only limits the time during which the payment of compensation may continue but does not fix that time. The court could, with as much reason, fix the duration of the weekly payments at 10 weeks, 100 weeks, or 200 weeks, as it could at 300 weeks. Nowhere in the statute is any such discretion vested in the courts.

The Legislature has failed to fix the time during which weekly payments should continue, and the court is powerless to do so. The right to compensation is strictly statutory, and to supply a deficiency in the statute requires legislative power, which we do not possess.

Such is the construction placed upon the statute by the Legislature itself, for in 1928, by Act 242 at page 358, it re-enacted subsection 2 of section 8 of the Act of 1926 at page 116, and after the words, "as hereinafter provided," added the words, "for a period of three hundred weeks."

The same question was before us in the case of Missouri Cooley Bass et al. vs. Weber-King Mfg. Co., 11 La. App. 117, 119 So. 774, decided January 9, 1929, but not yet final, and we held, as we do here, that we do not believe the court is vested with authority to supply what seems to be a hiatus in the Act of 1926.

For these reasons, the judgment appealed from is avoided and reversed, defendant's exception of no cause of action is maintained, and plaintiff's demand is rejected at her cost.