No. 543

First Circuit

———

**BASS ET AL. v. WEBER KING MFG. CO.**

———

(December 30, 1929.  Opinion and Decree.)
(March 5, 1930.  Rehearing Refused.)
(May 5, 1930.  Writ of Certiorari and Review Refused by Supreme Court.)

———

A. B. Cavanaugh, of Leesville, attorney for plaintiff, appellee.

Thompson & Ferguson, of Leesville, attorneys for defendant, appellant.

LECHE, J. This case was dismissed by us on an exception of no cause of action on January 9, 1929. 11 La. App. 117, 119 So. 774. Plaintiff and appellee obtained from the Supreme Court a writ of review under which, after hearing, that court reversed our finding, and remanded the case to this court for final determination. 168 La. 651, 123 So. 112.

Mose Bass died on September 26, 1927, while traveling in the caboose of a logging train on his return home after his day's work. He had left in the morning, riding on a trailer attached to a train, to get to the woods, where he pursued the occupation of log scaler in the employ of the defendant. The trailer was partially wrecked on the journey to the forest. It collided, while backing, with a log protruding on the track, and the rear truck over the wheels was displaced and shoved forward, and, though the trailer did not capsize, its platform was tilted to an inclined position over the track. There were several laborers on the trailer, including Mose Bass, all of whom jumped off when they saw that the collision was inevitable, except Mose Bass and another. No one was hurt or suffered any physical injury, though there was some excitement and the natural emotion resulting from the apprehension of imminent danger. Bass did not complain of any injury. He was asked by several of his co-laborers whether he was hurt, and to each of his inquirers he answered that he was not hurt, except that he had jarred his left wrist in averting the shock from the collision. Bass then proceeded to the performance of his duties, worked as usual, and in the afternoon, after completing his day's labor, he climbed into a caboose behind the train to return home. On the way home while riding the caboose, he lay down on a wooden bench, from which he rolled down to the floor. He was picked up by his companions, who saw and realized that he was in the throes of death, which ensued soon afterward.

The cause of Bass' death is shown conclusively to have been an acute attack of angina pectoris. The disputed question in the case is whether the angina pectoris was brought on by injury in the wreck of the trailer, which had occurred in the morning, and whether the effect of the wreck contributed at all to his death.

Bass had been suffering from angina pectoris for some time, and had been treated for this insidious affection of the heart, which generally manifests itself by great pain in the chest around the region of the heart. He had often complained of these pains, and all through the day of his death reiterated this complaint to several persons. He smoked cigarettes incessantly, and often indulged in the excessive use of alcoholic beverages, a habit most harmful to a person in his condition. On the Saturday, or two days preceding his death, he drank shinny, which we understand to mean moonshine, or illicitly manufactured whisky, to such an extent that he was much inebriated. On Saturday night, in answer to a question, he stated that he did not want to go home, and that it was the last place to which he would go. He stayed out all night, and only returned home on Sunday morning. To several persons he appeared to be in an intoxicated condition all day Sunday. It was on the following day, Monday, that he proceeded to his regular duty as an employee of defendant, and that the events first related herein took place.

Such are the facts and circumstances as we gather them, after reading a mass of testimony taken down during the trial of the case.

There were seven physicians or experts who testified. They almost all agree as to the cause of death, but their opinions differ as to whether the wreck of the trailer had contributed thereto. Dr. Mecom was of the opinion that, if the shock caused by the derailment of the trailer had contributed to the death, Bass would have died immediately at the time of the shock. Dr. Younger thought that the fact that Bass went to work after the wreck, and complained of no injury as a result thereof, eliminates the shock that might have taken place from the wreck, as a contributing cause to the death of Bass. Dr. Brown Word believed that Bass died too long after the wreck for the wreck to have caused death, without there having been some internal injury. Dr. Reiser testified that Mrs. Bass had told him that she expected her husband to die suddenly in one of the heart attacks to which he was subjected, when he was acting as he was at present. Dr. Reiser did not know what Mrs. Bass referred to in using the words, "when he was acting as he was at present." The only inference is that she meant that he was drinking to excess. Dr. Reiser also was of the opinion that the fear or apprehension of danger, the only shock to which Bass was subjected in the morning, had nothing to do with his death in the afternoon. He thought that death was accelerated by the debauch in which Bass had indulged during the several days preceding death. The other physicians thought that the mental shock might have contributed to the death of Bass. It was also testified by some of the physicians that the fall from the bench in the caboose resulted from the acute attack of angina pectoris, and that death would have come, even if Bass would not have been riding the caboose.

Our conclusion from all of the testimony is that Bass did not die as the result of any injury by accident arising out of and in the course of his employment, but that he died from a natural cause, or from angina pectoris, which in no manner was produced, brought into action or aggravated as a result of his employment.

For these reasons, the judgment of the district court is avoided and reversed, and plaintiffs' demand rejected, at their cost.