146 So.2d 149

**STATE of Louisiana**

**v.**

**Alphonse HERTZOG.**

**No. 46040.**

Nov. 5, 1962.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for appellant.

Daniel W. LeBlanc, Baton Rouge, for appellee.

SUMMERS, Justice.

In this criminal prosecution the accused is charged by bill of information with hav-

ing violated LSA–R.S. 14:285 (Act 121 of 1958) relative to obscene telephone calls.

■ A motion to quash was filed and sustained by the trial court. As a basis for sustaining the motion to quash the trial court held that the title of Act 121 of 1958 was not indicative of the object, and it was therefore unconstitutional, being repugnant to the provisions of Article III, Section 16 of the constitution, LSA. A bill of exceptions was reserved to this ruling by the State's attorney and this appeal followed. We have jurisdiction by virtue of Article VII, Section 10(2) of the constitution which grants this court appellate jurisdiction of cases in which a law of this State has been declared unconstitutional.

The motion to quash, which is in question, sets forth that this type of conduct was first made a crime by the passage of Act 435 of 1954. Subsequent thereto Act 121 of 1958 (LSA–R.S. 14:285) was passed. This latter act contained a clause repealing all laws in conflict therewith, the effect of which was to repeal the Act of 1954.

The titles of the two acts are identical and read as follows: "To prohibit local telephone calls, conversations or conferences of an anonymous nature wherein obscene, profane, vulgar, lewd, lascivious or indecent language, suggestions or proposals are made and to provide fines and penalties for the violation of this Act." But the 1958 act amplifies the body of the 1954 act so that it now states: "No person shall engage in or institute a local telephone call, conversation or conference of an anonymous nature and therein use obscene, profane, vulgar, lewd, lascivious or indecent language, suggestions or proposals *of an obscene nature and threats of any kind whatsoever.*" It is asserted that the language added, shown by italics, makes the body of the 1958 act broader than the original act. In the earlier act, "threats" were not mentioned, and "threats" were therefore not an essential element of the crime defined by that act. The defendant furthermore asserts that the addition of the words "and threats of any kind whatsoever" create another essential element of the crime. Thus, we understand the contention to be that the addition of this new essential element of the crime to the body of the act, without a corresponding amplification of the title indicative of the addition, makes the act run counter to the constitutional tenet that every statute shall embrace but one object, and shall have a title indicative of its object. Art. III, Sec. 16 La.Const. Briefly stated, the attack on the statute is that its body is broader than its title.

Counsel for the accused relied primarily upon the authority of State v. Rawls, 161 La. 628, 109 So. 146, to sustain his contentions in the court below. He persists in that position here.

In the Rawls case the title of the contested statute declared it to be a crime to detain a woman against her will for the purposes of prostitution, whereas the body of the act defined the crime to be the detention of a woman against her will for the purposes of prostitution "or for any unlawful sexual intercourse." There the court held that detaining a woman for any unlawful sexual intercourse was not the same as detaining a woman for the purpose of prostitution; and, therefore, because the title did not indicate that detaining a woman against her will for the purposes of "any unlawful sexual intercourse" was a crime, that part of the statute relating to this latter purpose would be declared unconstitutional. This holding was in effect a declaration that the body of the act was broader than its title. The remainder of the act was declared valid.

Counsel for the accused further argues that we should adopt the view of the Rawls case and declare that the language added to the body of Act 121 of 1958 makes the body of the act broader than its title. But, it is submitted, instead of declaring the act only partially unconstitutional as was done in the Rawls case, it should be declared unconstitutional in its entirety.

It is pointed out that the Rawls case properly held the act involved there unconstitutional only to the extent of that provision in the body of the act which was not referred to in the title. In the Rawls case the language, which was considered to establish an object not mentioned in the title, was "or for any unlawful sexual intercourse." It is contended that this language is disjunctive and could be eliminated from the body of the act without doing violence to the meaning of the remaining portion of the act, whereas the language "and threats of any kind whatsoever", involved in the act before us, is conjunctive by virtue of the conjunction "and". The argument continues that the conjunctive character of the language last quoted is such that there can be no crime under that statute unless "threats" are embodied as an essential element thereof, and, therefore, because "threats" are not indicated in the title, the entire act is unconstitutional. So the argument goes that by virtue of the conjunctive nature of the phrase "and threats of any kind whatsoever", a justification is presented for declaring the entire statute unconstitutional which did not exist in the Rawls case.

Assuming that "and threats of any kind whatsoever" is conjunctive as used in the statute, an assumption which favors the position of the accused, nevertheless we do not agree that the body of the questioned act is broader than its title; to the contrary, it is our opinion that the body of the act is narrower than its title for these reasons:

A person viewing the title is made aware that the prohibited acts are telephone calls, conversations or conferences of an anonymous nature wherein obscene, profane, vulgar, lewd, lascivious or indecent language, suggestions or proposals are used. Inasmuch as reference to the title does not disclose that a threat, an additional antisocial act, is required before a crime is complete under the act, the addition of the phrase "and threats of any kind whatsoever" undoubtedly makes the body of the act narrower than the title for "threats" are not required by the title to constitute the prohibited offense.

That is to say the body of the act enumerates an element of the crime in addition to the broad definition in the title thus making the body of the act narrower than its title because more is required by the body to constitute the offense than is required by the title. This is unlike the statute in the Rawls case where the body of the act provided an additional factual situation constituting a separate crime and not limiting the crime indicated in the title as in the case at bar. There restraining a woman for purposes of prostitution or for unlawful sexual intercourse is made a crime in the body of the statute, whereas only restraining a woman for prostitution is made a crime in the title; and as pointed out in the Rawls case, prostitution is more restrictive in its meaning than unlawful sexual intercourse, for prostitution is sexual intercourse for gain only, whereas "any unlawful sexual intercourse" is broad and varied in its meaning and may occur under many circumstances.

If, in the case at bar, making an anonymous telephone call for the purpose of threats alone was made a crime by the body of the act, then the title would not have been indicative of that object. But that was not done. What the body of the act defines as a crime here is exactly what is defined as a crime in the title, except that the body of the act requires that something additional—"threats"—be established before a prosecution can be sustained.

It is difficult to perceive a ground for complaint on behalf of the accused under these circumstances. Rather, as an example, it occurs to us that persons reading the title of the act would find it most comprehensive; so much so that once accused under its provisions a subsequent reference to the body of the act would make them aware of the fact that the definition of the crime has been narrowed to their advantage.

▮ Because we have found the title of the act broader than its body, the act is not by reason thereof unconstitutional. It is the converse of the proposition which would render the act unconstitutional. State . v.

Kilshaw, 158 La. 203, 103 So. 740; 50 Am. Jur. Statutes, Sec. 182; I Cooley, Constitutional Limitations, 308 (8th ed. 1927).

We think it is plain that the title of the act expresses its object in broad terms, that is, "to prohibit local telephone calls, conversations or conferences of an anonymous nature wherein obscene, profane, vulgar, lewd, lascivious or indecent language, suggestions or proposals are made." It does not constitute a departure from that object to also require that those calls, conversations, or conferences be accompanied by threats.

The purpose of the requirement of Article III, Section 16 of the constitution is to prevent the joining in one act of incongruous and unrelated matters, and the prohibition of indecent and anonymous telephone calls accompanied by threats is certainly germane to the prohibition of indecent and anonymous telephone calls. State v. Coco, 152 La. 241, 92 So. 883.

For the foregoing reasons the attack on the constitutionality of Act 121 of 1958 must fail, the judgment of the district court is reversed and set aside, the motion to quash is denied and this case is remanded to the trial court to be proceeded with according to law.

HAWTHORNE and HAMITER, JJ., concur in the decree.