PER CURIAM.
The defendant was charged by a three-count bill of information with various offenses, including simple possession of cocaine in violation of La.R.S. 40:967(0), as amended, Act 542 of 1990. He moved to quash the proceedings with regard to the cocaine charge on grounds that the 1990 amendment had deleted the penalty clauses from section (C) of the statute. The district court granted the motion, and the state has appealed from that judgment.
In State v. Hodges, 577 So.2d 728 (La. 1991), decided the day after the district court entered judgment in this case, this Court determined that “the purpose of Act 542 of 1990 [as revealed in its preamble] was to add anabolic steroids and related substances to Schedule II and to provide for penalties for the manufacture, distribution and possession of anabolic steroids ... [and not] to implicitly alter or remove the penalty provisions related to Schedule II dangerous substances other than anabolic steroids.” Id. The legislature signaled that intent by placing three asterisks immediately after the introductory paragraph to La.R.S. 40:967(C), indicating that sub-paragraphs (C)(1) and (C)(2), the penalty provisions, were unaffected by the amendment. Id. See State v. St. Romain, 292 So.2d 531, 534, n. 3 (La.1974).
The penalty provisions of La.R.S. 40:967(C) therefore remained in full force and effect at the time of the offense alleged against the defendant. The judgment granting the motion to quash the count charging simple possession of cocaine is reversed and this case is remanded to the district court for further proceedings in accord with the law.
REVERSED AND REMANDED.