**STATE OF LOUISIANA**      \*      **NO. 2019-K-0715**

**VERSUS**      \*

     **COURT OF APPEAL**

**TERRANCE JAMES**      \*

     **FOURTH CIRCUIT**

     \*

     **STATE OF LOUISIANA**

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 416-136, SECTION "E"
Honorable Keva M. Landrum-Johnson, Judge
\* \* \* \* \* \*
**Judge Regina Bartholomew-Woods**
\* \* \* \* \* \*
(Court composed of Judge Terri F. Love, Judge Sandra Cabrina Jenkins,
Judge Regina Bartholomew-Woods)

**JENKINS, J., DISSENTS WITH REASONS**

Terrance James, 433957
Dixon Correctional Institute
P.O. Box 788 U-1-A
Jackson, LA 70748 -- 0788

     RELATOR/PRO SE DEFENDANT

Leon Cannizzaro
DISTRICT ATTORNEY
Donna Andrieu
Chief of Appeals
619 S. White Street
New Orleans, LA 70119

     COUNSEL FOR THE STATE OF LOUISIANA/APPELLEE

                     **WRIT GRANTED**
                     **NOVEMBER 6, 2019**

**WRIT GRANTED**

Relator seeks supervisory review of the district court's August 5, 2019 ruling denying his application for post-conviction relief as untimely pursuant to La. C.Cr.P. art. 930.8(A). Relator argues that his plea of guilty for a violation of La. R.S. 122 has been invalidated by *Seals v. McBee*, 898 F.3d 587 (5th Cir. 2018), which held that "insofar as it criminalizes 'threats,' [La. R.S.] 14:122 is unconstitutionally overbroad." Because we find, for the reasons to follow, that Relator's application for post-conviction relief is timely pursuant to La. C.Cr.P. arts. 930.3 (5) and 930.8(A)(2) and that *Seals* is retroactive in application, we grant the writ, reverse the ruling of the trial court, and vacate Relator's conviction in violation of La. R.S. 14:122.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Relator pleaded guilty[1] to count one: possession of cocaine, in violation of La. R.S. 40:967, and count two: public intimidation, in violation of La. R.S. 14:122.[2]

## DISCUSSION

Relator asserts that, while being arrested for possession of cocaine, he threatened to have the officers fired for beating and pepper spraying him. Relator further asserts that he did not use force or violence when resisting arrest. Similarly, in *Seals*, the defendant asserted that he was pepper sprayed, verbally objected to his arrest, and threatened to make complaints about the officer's conduct. Recognizing such threats as "part of the core First Amendment rights 'by which we distinguish [our] free nation from a police state,'" the United States Court of Appeals, Fifth Circuit held La. R.S. 14:122's criminalization of such threats unconstitutionally overbroad.

---

[1] As to count one, the district court sentenced Relator to two (2) years at hard labor in the custody of the Department of Corrections. As to count two, the district court sentenced Relator to one (1) year at hard labor in the custody of the Department of Corrections. The district court ordered Relator's sentences to be served consecutively. The Court suspended Relator's sentences and placed him on two (2) years active probation with special conditions as to count one and as to count two, one (1) year active probation with special conditions to be served concurrently.

[2] La. R.S. 14:122(A)(1) provides:

    A. Public intimidation is the use of violence, force, extortionate threats, or true threats upon any of the following persons, with the intent to influence his conduct in relation to his position, employment, or duty:

        (1) Public officer or public employee.

*Timeliness*

While the district court, in its August 5, 2019 judgment denying Relator's application for post-conviction relief, stated that Relator's application was time-barred by La. C. Cr. P. art. 930.8(A)(2), Relator asserted that his application for post-conviction relief is timely pursuant to La. C. Cr. P. arts. 930.3(5)[3] and 930.8(A)(2)[4]. Relator further argues that, in accordance with La. C. Cr. P. art. 930.8(A)(2), *Seals* is a final ruling by an appellate court, specifically, the United States Court of Appeals, Fifth Circuit, and that his application for post-conviction relief was filed in June 2019, within one (1) year of the *Seals* decision in August 2018.[5] Relator further argues that his application for post-conviction relief should be granted pursuant to La. C. Cr. P. art. 930.3(5). Although Relator has completed his sentence, the Louisiana Supreme Court has held that "[t]he fact that one convicted of a crime has served his sentence does not render a subsequent attack on a constitutionally invalid conviction moot where the conviction is attended with collateral consequences, such as vulnerability to a multip[l]e offender proceeding

---

[3] La. C. Cr. P. art. 930.3 (5) provides, in pertinent part:

> If the petitioner is in custody after sentence for conviction for an offense, relief shall be granted only on the following grounds:
>
> . . .
>
> (5) The statute creating the offense for which he was convicted and sentenced is unconstitutional; or

[4] La. C. Cr. P. art. 930.8(A)(2) provides:

> The claim asserted in the petition is based upon a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case, and the petition is filed within one year of the finality of such ruling.

[5] An *en banc* rehearing has been denied and no further appeals have been taken.

and a possible enhanced sentence." *State ex rel. Becnel v. Blackburn*, 410 So.2d 1015, 1017 (La.1982). Relator argues, and we agree, that he, like the petitioner in *Becnel*, has been convicted of a subsequent offense and has been sentenced as a multiple offender. Thus, making the fact that he has completed his sentence irrelevant to the conclusion we reach today.

### *Retroactive Application*

To show the retroactive application of *Seals* to his conviction in violation of La. R.S. 14:122, Relator relies on *State ex rel. Parker* v. *Skinner, Judge*, 148 La. 143, 86 So. 716 (1920), in which the Louisiana Supreme Court opined that "an unconstitutional statute is null and void, has no legal existence whatever, and is no statute. Hence, if that part of the statute under which the indictment is framed has no legal existence, it follows that the defendant has been convicted of an offense, which in reality is unknown to the laws of this state." Considering that the *Seals* decision is substantive in nature, rather than merely procedural, "[s]uch rules apply retroactively because they 'necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal' ' or faces a punishment that the law cannot impose upon him." *Schriro v. Summerlin*, 542 U.S. 348, 352; 124 S.Ct. 2519, 2522-23; 159 L.Ed.2d 442 (2004). Thus, we find that the decision of the United States Fifth Circuit should retroactively apply to Relator's conviction in the instant matter.

4

## CONCLUSION

For the aforementioned reasons, we find that Relator's application for post-conviction relief is timely pursuant to La. C. Cr. P. arts. 930.3(5) and 930.8(A)(2) and that *Seals* is retroactive in application.  Therefore, we grant the writ, reverse the ruling of the trial court, and vacate Relator's conviction in violation of La. R.S. 14:122.

**WRIT GRANTED**
**NOVEMBER 6, 2019**