(78 South. 143)

No. 22832.

STATE ex rel. BRITTAIN, Sheriff, v. HAYES.

(Feb. 25, 1918.)

*(Syllabus by the Court.)*

1. COURTS ☞224(7) — LOUISIANA SUPREME COURT — APPELLATE JURISDICTION—LEGALITY OF TAX.

When the nature and character of a particular business sought to be taxed is proven or admitted, and the only question presented is whether the business is subject to a license tax, the case is one in which the legality of a tax is in contest, and of which the Supreme Court alone has appellate jurisdiction, regardless of the amount involved.

2. HAWKERS AND PEDDLERS ☞3(2)—DAIRYMAN DELIVERING MILK TO CUSTOMERS — "PEDDLING OR HAWKING."

The occupation of a dairyman, going about delivering the milk from his farm to his regular customers according to their previous orders, is not, within the ordinary meaning or acceptation of the term, peddling or hawking.

3. STATUTES ☞166 — AMENDMENT AND REENACTMENT—REPEAL.

When a statute has been amended and re-enacted, any part of the amended act that is omitted from the amending and re-enacting statute is thereby repealed.

4. HAWKERS AND PEDDLERS ☞4(3)—LICENSE TAX — "AGRICULTURAL PURSUITS"—CONSTITUTIONAL PROVISIONS.

A farmer who goes from place to place selling at retail the products of his farm is only pursuing the business or occupation of a farmer, and is not subject to the license tax imposed upon "peddlers or hawkers." He comes within the provision of the Constitution exempting from any license tax all persons engaged in agricultural pursuits.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Agricultural Pursuits.]

5. HAWKERS AND PEDDLERS ☞4(1)—LICENSE TAX—CONSTRUCTION OF STATUTE.

By the terms of the Act No. 229 of 1912, p. 517, the peddlers or hawkers of farm products who are required to pay a license tax are, not those whose industry has produced them, but those who buy and sell or trade in them.

*(Additional Syllabus by Editorial Staff.)*

6. HAWKERS AND PEDDLERS ☞3(1) — WHO ARE.

A peddler or hawker is an itinerant merchant or trader who goes from house to house or from place to place, exposing and selling the goods, wares, or merchandise he carries.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Hawker; Peddler.]

Appeal from First Justice's Court, Parish of Red River; A. F. Massingall, Justice.

Proceeding by the State of Louisiana, on relation of T. M. Brittain, Sheriff and ex officio Tax Collector, against Roy Hayes. Judgment for defendant, and relator appeals. Motion to dismiss appeal overruled, and judgment affirmed.

William Paul Carter, of Coushatta, for appellant. S. R. Thomas, of Coushatta, for appellee.

On Rehearing.

O'NIELL, J. The question presented is whether the defendant owes the state the license tax of $75, imposed by the Act No. 229 of 1912 upon every peddler or hawker traveling in a one-horse vehicle.

The defendant is a farmer who drives to town daily in his buggy and delivers to his

regular customers, according to their orders, milk produced by his cows on the farm.

The defenses are: First, that the defendant is not a peddler or hawker because he does not go about selling the milk, but only delivers to h.s customers the milk that is already sold or ordered from the farm; second, that the sale and delivery of the milk produced on his farm is done in pursuit of the defendant's agricultural or farming business, which pursuit is exempt, by the terms of article 229 of the Constitution, from any license tax; and, third, that, by the terms of the Act No. 229 of 1912, a person is not required to pay a peddler's license for selling the product of his own industry.

Judgment was rendered in favor of the defendant, and the plaintiff has appealed.

[1] On the first hearing, we sustained the appellee's motion to dismiss the appeal on the ground that the case presented only the question of fact whether the defendant was a peddler. Having reconsidered the matter, our conclusion is that the case presents, not a question of fact, but questions of law, by which we are to determine whether the license tax can be legally imposed upon the defendant. This court alone has appellate jurisdiction of cases in which the constitutionality or legality of any tax is in contest. Const. art. 85. The motion to dismiss the appeal is therefore overruled.

[2, 3, 6] Our opinion is that the defenses to the suit are well founded. It is certain that the occupation of a dairyman, delivering milk to his regular customers in compliance with their previous orders, is not, within the ordinary meaning of the term, peddling or hawking. A peddler or hawker is an itinerant merchant or trader, who goes from house to house or from place to place, exposing and selling the goods, wares or merchandise he carries.

[4, 5] It is argued by the attorney for the tax collector that, as the Act No. 49 of 1904 (of which the Act No. 229 of 1912 is an amendment and re-enactment) contains the provision that the term "peddler or hawker" shall include all transient merchants or itinerant vendors selling to consumers, even by sample and for future delivery, therefore the term must include those who deliver goods or merchandise already sold. The argument, however, ignores the fact that the law, as amended and re-enacted does not now declare that itinerant vendors who sell by sample or for future delivery are peddlers or hawkers. To that extent the Act No. 49 of 1904 was declared unconstitutional. See Beary v. Narrau, 113 La. 1034, 37 South. 961. The statutory definition or extension of the term "peddler or hawker" was omitted from the Act No. 295 of 1908, amending and re-enacting the Act No. 49 of 1904, and was also omitted from the subsequent amending and re-enacting statutes, viz. Act No. 294 of 1910, and Act No. 229 of 1912. The Act No. 49 of 1904, therefore, was re-enacted and retained in force only as amended; and the part of the amended act that was omitted from the amending act must be considered repealed. See Flournoy, Tax Collector, v. Walker, 126 La. 489, 52 South. 673.

It has been decided by this court that a farmer who goes from place to place selling at retail the products of his farm is only pursuing his farming business and is not a peddler or hawker. He is engaged in an agricultural pursuit, which is, by the terms of article 229 of the Constitution, exempt from any license tax. Roy v. Schuff, 51 La. Ann. 86, 24 South. 788.

There is a proviso in the Act No. 229 of 1912, p. 517, that exempts from the license tax imposed upon peddlers or hawkers those who sell only the products of their industry. After providing that peddlers of poultry, eggs, vegetables or fruit shall pay only one-fifth of the license tax imposed upon other peddlers or hawkers, the statute declares

that persons who sell only "their own produce shall pay nothing." Hence the peddlers of farm products who are required to pay a license tax are, not those whose industry has produced them, but those who buy and sell or trade in them.

The judgment appealed from is affirmed.