ALLEN, Acting Chief Judge.
Appellants, plaintiffs in the lower court, seek review of a final summary judgment entered in favor of defendant-appellee.
Complaint was filed alleging that plaintiff, Minnie B. Dobbins, was injured in the course of her employment by defendant as an agricultural farm laborer. It was alleged that, at the time of her injury, she was working at defendant’s packing house grading tomatoes grown on defendant’s farm adjacent to the packing house, which defendant operated as a part of its business of growing, harvesting and processing tomatoes. It was further alleged that her injuries occurred when she caught' her hand in a conveyor belt on a machine which she was operating at the time of her injury. Defendant was charged with negligence in failing to provide a safety device or guard for the conveyor belt and in failing to warn plaintiff, Minnie B. Dobbins, of the danger of operating the machine with the belt exposed.
The plaintiff, Arthur A. Dobbins, claimed damages for loss of consortium and medical expenses resulting from the injuries to his wife, plaintiff Minnie B. Dobbins.
Motion to dismiss the complaint was denied, and the defendant filed its answer, consisting of a general denial, the affirmative defenses of contributory negligence, assumption of risk and an additional allegation in avoidance that the exclusive remedy of plaintiffs was provided by the Workmen’s Compensation Act. Defendant took depositions of both plaintiffs, and thereafter moved for summary judgment based upon said depositions and the affidavit of J. L. Davis filed in support of the motion. An affidavit by plaintiff wife was filed in opposition to the motion for summary judgment.
It is strongly insisted by the appellant in this case that the lower court erred in granting a summary judgment since the injured plaintiff’s affidavit and testimony on deposition created a conflict which should have precluded a summary judgment.
The defendant below, appellee here, filed the affidavit of J. L. Davis, a foreman in the defendant’s packing house. Davis stated in his affidavit that Minnie B. Dobbins worked in the packing house and was injured while she was grading tomatoes; that she was hired as a grader in the packing house, which was her principal employment; that once in a while she was required to put some boxes together upstairs in the packing house, but all of her duties were performed within the packing house; that the defendant’s packing house payroll is separated from the payroll of the farming operation, the farming operation being conducted about ten miles away from the pack-' ing house, and Minnie Dobbins never was employed on the farm; and that Workmen’s *840 Compensation coverage is carried for packing house employees.
The affidavit of Minnie B. Dobbins in opposition to appellee’s motion for summary, judgment stated:
“2. That throughout the period of my employment by the defendant, S. A.F. Farms, Inc., the defendant conducted as a single operation, the business of 'growing, picking, grading, and packaging tomatoes.
“3. That the packing house, in which I was emploj'ed, was located on the defendant’s farm, and the tomatoes packed in the packing house were grown on the said farm. * * * ”
In the deposition of Minnie B. Dobbins it is stated:
“Q Now at all of these jobs, making boxes and putting the decals on tomatoes and grading tomatoes, did you do all of the jobs in the same packing house ?
“A Yes, sir.
“Q Now at any time while you were working for S.A.F. Farms did you do any work outside of the packing house, any harvesting work?
“A No, I did not.
“Q All of your work was confined to the packing house itself?
“A Yes.”
We conclude that there was not sufficient material conflict in the affidavit of the plaintiff Minnie B. Dobbins or in her deposition to preclude the trial court from entering a summary judgment.
The case of Bonson v. Prather, 2 F.C.R. 337 came before the Industrial Commission upon an application of the employer and carrier for review of the Deputy Commissioner’s order awarding compensation to claimant.
The employer Prather, owned the Coca-Cola bottling plant and an accessory store in Kissimmee, Florida. Pie also owned a ranch of some 6,500 acres. The claimant had worked for Prather for about 15 years. He was hired as a bottler and syrup mixer at the Coca-Cola plant. Occasionally the employer would assign the claimant to work a day or two at his ranch, or any other place the employer saw fit. He was paid from the Coca-Cola plant’s payroll. Claimant worked on the ranch from one week to four weeks a year at various times. On one occasion when he was working on the ranch the horse upon which he was riding ran into a tree and claimant was injured.
The employer and carrier controverted the claim on the ground that the employee at the time of his injury was engaged in agricultural employment and was an agricultural farm laborer. The Deputy Commissioner awarded the claimant compensation.
The employer and carrier applied for review before the full Commission. The full Commission, in affirming the Deputy Commissioner, said:
“The most that can be said for the employer’s contentions is that the employee alternated between the two jobs provided for him. Even in this situation the rule allows recovery. See Larson, Volume 1, page 782, wherein it is stated:
“ ‘The great majority of decisions, therefore, attempt to classify the overall nature of the claimant’s duties, disregarding temporary departures from that class of duties even if the injury occurs during one of the departures. * * *
“ 'Conversely, the temporary assignment of non-agricultural employees to farm work does not interrupt their compensation coverage. A garage ' employee sent to clean farm well, a carpenter working on a farm building, a bulldozer operator working on a soil *841 conservation job on a farm, a corral boss for a teaming contractor feeding pigs, a machinist repairing a tractor, a coal yard worker stacking hay on his employer’s farm, and a brick manufacturer’s employee bailing hay for the use of the factory’s horses have all been deemed to continue in their covered status during the agricultural ex-cursus.’
“Here, the employee at the direction of the employer made occasional trips to the ranch to work. While so doing, he was paid by the employer’s bottling plant and the carrier collected its premiums on the plant’s payroll. The Deputy Commissioner fully discussed the applicable law and it is unnecessary for us to repeat that discussion here.”
In 1 Larson, Workmen’s Compensation Law, § 53, Farm Labor, p. 774, it is stated:
“The nearly-universal exemption of farm labor is construed according to the character of the work regularly performed by the employee, not according to the nature of the employer’s business. But if a process performed on the farm is merely the first stage in the processing of a commodity by an industrial employer, such as a cannery or sugar refinery, the work may be held non-agricultural. Excessive specialization, commercialization or marketing by the farmer may cause the work to lose its agricultural standing. Occasional excursions into or out of agricultural duties are disregarded when the employee by virtue of his regular employment has status as either a covered or exempt employee.”
Section 53, Farm Labor, subsequently discusses the various farm labor exemption statutes, reasons for farm-labor exemption, borderline “agricultural” activities, and section 53.31, processing of farm products, states in the last paragraph on page 779:
“In all these cases it should be remembered, however, that the decisive question is the nature, not of the employer’s business, but of the employee’s employment. If it is agricultural in nature, it is no less so because the employer happens to be a factory or chemical company — unless, as these cases indicate, it is held that in the circumstances an operation performed on the farm is really the first stage of industrial processing. Indeed, it has been held that the employment of a man to cut alfalfa is exempt, although the employer was a sand and gravel company which fed the alfalfa to horses used in the gravel business.”
Neither of the parties cited Florida cases on point on this question nor have we by independent research found one. Decisions from other jurisdictions are varied, some holding that the character of the employer’s business determines the exemption status of the worker, others, and we believe the majority, hold that the character of the work being done by the employee determines whether he is a farm laborer under the exemption provisions of the Workmen’s Compensation Act.
In the case of Cowiche Growers v. Bates, 10 Wash.Zd 585, 117 P.Zd 624, the Supreme Court of that state held that the test of whether an employee is engaged in farm work depends on what the employee was hired to do and the Court held that the packing house workers were not agricultural farm laborers and therefore came under the Workmen’s Compensation Act.
The following cases held that the character of the work being done by the employee determines his status under the Workmen’s Compensation Act: Oliver v. Ernst, 148 Neb. 465, 27 N.W.2d 622; Dowery v. State, 84 Ind.App. 37, 149 N.E. 922; Robinson v. Lytle, 276 Ky. 397, 124 S.W.2d 78; Ginn v. Forest Nursery Co., 165 Tenn. 9, 52 S.W. 2d 141; and Dost v. Pevely Dairy Co., Mo., 273 S.W.2d 242.
We conclude that the lower court properly determined the injured plaintiff to be covered by the Workmen’s Compensation *842 Act which exclusively governed her rights as an employee under the record in this case.
Affirmed.
KANNER and SMITH, JJ., concur.