## No. 26006

### Frank Anaya, Jr. v. Industrial Commission of the State of Colorado and Floyd Noffsinger
(512 P.2d 625)

Decided July 16, 1973.

Frank Dubofsky, Malcolm Greenstein, for petitioner.

John. P. Moore, Attorney General, John E. Bush, Deputy, Peter L. Dye, Assistant, for respondent Industrial Commission of the State of Colorado.

Elizabeth A. Conour, for respondent Floyd Noffsinger.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The respondent Noffsinger is a farmer, and one of his crops is potatoes. In addition to potato cellars located on his farm, he has leased a cellar located on other property which he uses when his own cellars are full. After his potatoes have been dug, they are brought to a cellar, sorted and stored, awaiting sale. Only his potatoes reach these cellars. The petitioner (claimant) was employed by Noffsinger to sort potatoes and, while doing so, was injured. The Industrial Commission denied the claimant any award by reason of the statute, C.R.S. 1963, 81-2-6(4), which exempts "employers of . . . farm and ranch labor" from our workmen's compensation act. (This section of the statute was amended in 1971, but the amendment is not involved here as the accident occurred prior to the amendment.) We accepted the case from the Colorado Court of Appeals prior to its consideration of the matter, since the constitutionality of the statute has been raised. We affirm.

I.

The claimant maintains that he was not engaged in farm labor at the time of the accident and, therefore, is entitled to workmen's compensation benefits. The argument is that, once the potatoes have been removed from the ground, their disposition, while perhaps involving agricultural labor, does not come under the category of farm labor. The argument continues that firms which are not engaged in the farming business can and do sort potatoes.

We are unable to accept this argument. In *Billings Ditch Company v. Industrial Commission,* 127 Colo. 69, 253 P.2d 1058 (1953), it was stated that "farm and ranch labor" includes "all things incident to farming in the widest sense of that term." Noffsinger was engaged in farming and his

objective, so far as potatoes were concerned, was to sell them. Before sale the potatoes should be sorted. The sorting of the potatoes was an incident to his farming operation. The Industrial Commission was correct in concluding that the petitioner was engaged in farm and ranch labor.

II.

The claimant contends that the exclusion of farm and ranch labor constitutes a violation of equal protection. However, we follow the reasoning of *Romero v. Hodgson,* 319 F. Supp. 1201 (1970), *aff'd,* 403 U.S. 901, 91 S.Ct. 2215, 29 L.Ed.2d 678 (1971). While that opinion involved the original Unemployment Tax Act, a part of the Social Security Act, we regard the holding — that the exclusion of agricultural employers is rational, reasonable and not impermissibly discriminatory — is equally applicable to workmen's compensation. It is not our province to comment on the logic or policy of the General Assembly in making this exclusion. Rather, our duty is to determine whether there is a reasonable basis for this classification. We think there is and, at least, with a presumption of constitutionality, the petitioner has failed to overcome that presumption. *Kinterknecht v. Industrial Commission,* 175 Colo. 60, 485 P.2d 721 (1971).

III.

The Attorney General has quoted *Kinterknecht, supra,* for the proposition that, since the Industrial Commission cannot pass on the constitutionality of the statute, we should not do so originally but should require a declaratory judgment proceeding in the district court. In *Kinterknecht,* it was necessary for the claimant to demonstrate unconstitutionality by the presentation of evidence. As a result, it was held that the proper forum in that case was the district court in a declaratory judgment action. Where, as here, the record is complete as to the constitutional question presented in part II of this opinion, this court should not refuse to pass upon constitutional questions simply because it might constitute the first ruling in the case in this respect.

IV.

This case resembles *Kinterknecht, supra,* in another

respect. The claimant argues that the exclusion of farm workers is a violation of equal protection because it has the effect of discriminating against persons on the basis of race and wealth. This argument does require the presentation of evidence and because there is no evidence in the record we do not pass upon the point.

Order affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE ERICKSON dissent.