584 P.2d 194

**Valentin VARELA, Plaintiff-Appellant,**

v.

**J. B. MOUNHO, as employer and John Doe Insurance Co., Defendants-Appellees.**

**No. 3504.**

Court of Appeals of New Mexico.

Aug. 22, 1978.

Writ of Certiorari Denied Sept. 12, 1978.

David H. Pearlman, Albuquerque, for plaintiff-appellant.

Frank H. Allen, Jr. and Ruth M. Schifani, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, for defendants-appellees.

## OPINION

WOOD, Chief Judge.

Plaintiff, seeking workmen's compensation, alleged that while employed at defendant's dairy and while attempting to steady a cow being milked by another employee, "the cow bolted, jerking Plaintiff" with the result that plaintiff was injured. No claim is made that plaintiff was not a farm laborer. See *Greischar v. St. Mary's College*, 176 Minn. 100, 222 N.W. 525 (1928); *Selvey v. Robertson*, 468 S.W.2d 212 (Mo.App.1971); *Plemmons v. Pevely Dairy Co.*, 241 Mo.App. 659, 233 S.W.2d 426 (1950). No claim is made that the employer carried workmen's compensation insurance. See *Nix v. Times Enterprises, Inc.*, 83 N.M. 796, 498 P.2d 683 (Ct.App.1972). The trial court granted summary judgment against plaintiff, who appeals. The issues involve the applicability of § 59–10–4(A), N.M.S.A. 1953 (2d Repl. Vol. 9, pt. 1, Supp.1975). Plaintiff claims: (1) the statute does not apply to commercial dairies; (2) the statute was repealed by implication; and (3) the statute was enacted in violation of N.M.Const., art. IV, § 16.

Plaintiff's injury is alleged to have occurred in 1977. Plaintiff's claims involve the workmen's compensation statute as amended by Laws 1975, ch. 284. As amended, § 59–10–4(A) reads:

A. Every employer of four [4] or more workmen shall be subject to the provisions of the Workmen's Compensation Act [59–10–1 to 59–10–37]. The Workmen's Compensation Act shall not apply to employers of private domestic servants or to employers of farm and ranch laborers. Provided, however, that effective January 1, 1978, the provisions of the Workmen's Compensation Act shall apply

to employers of three [3] or more workmen, except to employers of private domestic servants and farm and ranch laborers.

This statute clearly provides that the Workmen's Compensation Act "shall not apply to employers . . . of farm . . laborers." Plaintiff contends the language should not apply to his claim.

*Commercial Dairies*

1A Larson's Workmen's Compensation Law, § 53.10 (1973) at page 9–106 states: "The exemption of farm labor is usually explicit, but sometimes takes the form of omission from the list of hazardous employments".

Our 1929 workmen's compensation law excluded agricultural laborers from workmen's compensation benefits because agricultural pursuits were not included as an ultrahazardous occupation. *Koger v. A. T. Woods, Inc.,* 38 N.M. 241, 31 P.2d 255 (1934). This exclusion continued until the extra hazardous occupation requirement, § 59–10–10, N.M.S.A. 1953 (2d Repl. Vol. 9, pt. 1) was repealed by Laws 1975, ch. 284, § 14. See *Graham v. Wheeler,* 77 N.M. 455, 423 P.2d 980 (1967); *Thomas v. Gardner,* 75 N.M. 371, 404 P.2d 853 (1965).

In 1937 a provision was added which explicitly excluded the employer of farm labor from the Workmen's Compensation Act. Laws 1937, ch. 92, § 2. From 1937 until the 1975 amendments, farm labor was excluded from compensation benefits both by the explicit exclusion and by the failure to include agricultural labor as an extra hazardous occupation. Since the 1975 repeal of the extra hazardous requirement, the exclusion of farm labor from compensation benefits is under § 59–10–4(A), supra.

Plaintiff contends that the employer was engaged in a commercial enterprise; that § 59–10–4(A), supra, does not apply to a commercial dairy. Summarized, his argument is: (1) the farm labor exclusion was based on the now outdated view that farm labor was not extra hazardous, a view repudiated by the repeal of § 59–10–10, supra; (2) the law in other jurisdictions has been changed to provide compensation coverage for farm labor; (3) the farm labor exclusion has been criticized by legal writers, see 1A Larson's, supra, § 53.32 and § 53.33; and (4) New Mexico decisions hint that the farm labor exclusion would not apply where the employer's activity was a commercial enterprise, see *Koger v. A. T. Woods, Inc.,* supra, and *Thomas v. Gardner,* supra.

■ Plaintiff's contention does not state New Mexico law. Section 59–10–2, N.M. S.A. 1953 (2d Repl. Vol. 9, pt. 1, Supp.1975) defines employers who come within the Workmen's Compensation Act, to include "every private person, firm or corporation engaged in carrying on for the purpose of business or trade within this state, and which employs four [4] or more workmen, except as provided in section 59–10–4 NMSA 1953". This wording includes employers engaged in "business or trade"; "business or trade" covers employers engaged in commercial enterprise, including commercial dairies. Section 59–10–2, supra, excepts employers engaged in commercial enterprise from the workmen's compensation law, as provided in § 59–10–4, supra. Section 59–10–4(A), supra, provides the Workmen's Compensation Act does not apply to employers of farm labor.

Assuming the employer was operating a commercial dairy, § 59–10–4(A), supra, excludes the employer from the Workmen's Compensation Act to the extent of employment of farm labor. Plaintiff was a farm laborer.

■ Plaintiff asserts that unless we hold that commercial dairies do not come within § 59–10–4(A), supra, our decision would be contrary to the purposes of the Workmen's Compensation Act which is "to provide a humanitarian and economical system of compensation for injured workmen". *Graham v. Wheeler,* supra. To achieve that purpose, plaintiff asserts the statute must be liberally construed in his favor. See *Schiller v. Southwest Air Rangers, Inc.,* 87 N.M. 476, 535 P.2d 1327 (1975). Plaintiff also asserts there must be liberal construction in order to obtain fundamental fair-

ness. See *Transport Indemnity Company v. Garcia*, 89 N.M. 342, 552 P.2d 473 (Ct.App. 1976). Our answer is that the provisions of the Workmen's Compensation Act "may not be disregarded in the name of liberal construction." *Graham v. Wheeler*, supra. The asserted unfairness to farm laborers "is a matter of legislative policy, and we are bound to interpret and apply the law as it is given us." *Koger v. A. T. Woods, Inc.*, supra.

*Repeal by Implication*

Plaintiff contends that the failure of § 59–10–10, supra, to include farm labor as an extra hazardous occupation was based on a legislative presumption that farm labor was not extra hazardous, and that repeal of the extra hazardous requirement in 1975 shows an "obvious legislative intent" to, in effect, provide compensation benefits for farm labor. On this basis, plaintiff asserts that § 59–10–4(A), supra, "is irreconcilably in conflict with that legislative intent" and therefore the repeal of § 59–10–10, supra, must be deemed to have repealed § 59–10–4(A), supra, to the extent it excludes farm labor from workmen's compensation benefits.

Plaintiff's reasoning is specious. A statute will not be deemed repealed by implication unless necessary to give effect to an obvious legislative intent. *Galvan v. City of Albuquerque*, 87 N.M. 235, 531 P.2d 1208 (1975). There was no legislative intent that the farm labor exclusion be repealed.

Plaintiff's argument bottoms on his contention that the Legislature presumed farm labor was not extra hazardous because not included within § 59–10–10, supra. No such presumption exists; § 59–10–10, supra, does not purport to catalog *all* extra hazardous occupations; rather, the occupations listed in § 59–10–10, supra, are referred to as *the* extra hazardous occupations to which the Workmen's Compensation Act applied. The failure to include an occupation within § 59–10–10, supra, does not permit the conclusion that the Legislature presumed an excluded occupation was not extra hazardous. Section 59–10–10, supra, did no more

than state the extra hazardous occupations made subject to the Workmen's Compensation Act.

Even if we assume a legislative judgment that an occupation not included within § 59–10–10, supra, was not extra hazardous, plaintiff's argument still is without merit. Since 1937, the Legislature has provided an exclusion for farm labor independent of any extra hazardous classification. This exclusion is stated in § 59–10–4(A), supra. The last legislative statement of this exclusion was a part of the 1975 legislation. Specifically, § 59–10–10, supra, was repealed by a section of the same 1975 law which restated the farm labor exclusion.

Not only is there no "obvious legislative intent" to require compensation benefits for farm labor, the 1975 amendment to § 59–10–4(A), supra, affirmatively shows a legislative intent to continue the exclusion of farm labor from compensation benefits. There is no basis for holding § 59–10–4(A), supra, was repealed by implication by the repeal of § 59–10–10, supra.

*Constitutionality*

Plaintiff contends the enactment of the farm labor exclusion appearing in § 59–10–4(A), supra, violated N.M.Const., art. IV, § 16 because "[t]hat subject" is not referred to in the title to the legislation. We are not sure of the particular legislation that is supposed to violate the above constitutional provision—the 1929 law, the 1937 law, the 1959 law or the 1975 law—but it makes no difference.

N.M.Const., art. IV, § 16 requires the subject of every bill to be clearly expressed in its title. Each of the laws mentioned in the preceding paragraph—Laws 1929, ch. 113, Laws 1937, ch. 92, Laws 1959, ch. 67, and Laws 1975, ch. 284—had the subject of the act clearly expressed in its title. The subject was workmen's compensation benefits. The title need not set forth the details of the enactment; however, the statutory details must be germane or related to the subject matter expressed in the title. *State v. Romero*, 86 N.M. 99, 519 P.2d

1180 (Ct.App.1974). The farm labor exclusion was germane to the title of the 1937 law which enacted this exclusion, and germane to the 1959 and 1975 laws that continued the exclusion. The claim that § 59–10–4(A), supra, was enacted in violation of N.M.Const., art. IV, § 16 is without merit.

The summary judgment is affirmed.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.