608 P.2d 535

**Candido CUETO, Plaintiff-Appellant,**

**v.**

**STAHMANN FARMS, INC., and Commercial Union Assurance Co., Defendants-Appellees.**

**No. 4144.**

Court of Appeals of New Mexico.

March 4, 1980.

Glenn B. Neumeyer, Las Cruces, for plaintiff-appellant.

William W. Bivins, Las Cruces, for defendants-appellees.

## OPINION

ANDREWS, Judge.

This case requires an interpretation of the scope of the farm and ranch workers exemption to the Workmen's Compensation Act contained in § 52–1–6(A), N.M.S.A.1978 (1979 Supp.) We hold that the act does not apply to the agricultural workers of any employer, regardless of the fact that the injured employee was performing some non-agricultural service at the time of his injury.

The defendant, Stahmann Farms, Inc., is a large agribusiness operation in the southern part of the state which grows, processes, and markets pecans. It employs 375 workers, about one quarter of whom it classifies as "agricultural workers", and who are not covered by its workmen's compensation insurance.

The plaintiff, Candido Cueto, was an employee of Stahmann, and was classified as an agricultural worker. His primary duty was to maintain a compost heap in which fertilizer for the pecan trees was manufactured, but he spent some of his work time doing other jobs which also required the use of heavy equipment. Among these other jobs were maintaining a landfill which served the Stahmann Farms company town and loading pecan shells for the processing department.

Cueto was injured while using a back-hoe to bury a horse which had belonged to a friend of the Stahmann family; this was done as a favor to the friend, who lived several miles from the Stahmann farm. Cueto sued Stahmann for workmen's compensation, and the court granted summary judgment for Stahmann.

The dispositive issue on appeal is whether Cueto's employment is within the provision of the Workmen's Compensation Act which exempts farm and ranch labor.

The Workmen's Compensation Act shall not apply . . . to employers of farm and ranch laborers. § 52–1–6(A), N.M.S.A.1978 (1979 Supp.).

■ A literal interpretation of this exemption leads to absurd results. It is clear that the legislature did not intend to permit employers to exempt their entire work force from the act by employing a few farm and ranch laborers. This exemption applies only with respect to farm and ranch laborers. *See Varela v. Mounho*, 92 N.M. 147, 584 P.2d 194 (Ct.App.) *cert. denied*, 92 N.M. 180, 585 P.2d 324 (1978). This interpretation is in accord with the purpose of the statute, which is to exempt agricultural labor from its operation. Strict adherence to the letter of the statute is not required where strict interpretation would defeat the intent of the legislature. *Montoya v. McManus*, 68 N.M. 381, 362 P.2d 771 (1961).

For the same reason, the use of the conjunctive "and" rather than the disjunctive "or" in the language of the exemption need not be taken to mean that an employer must employ both farm and ranch laborers to be within the exclusion. "And" may be read disjunctively where the sense of the statute so requires. *Kerlin's Lessee v. Bull*, 1 U.S. (1 Dall.) 175, 1 L.Ed. 88 (Pa.1786); *Davis v. Savage*, 50 N.M. 30, 168 P.2d 851 (1946); *cf. First Nat. Bank v. Bernalillo County Valuation Protest Bd.*, 90 N.M. 110, 560 P.2d 174 (Ct.App.1977).

■ Cueto seems to argue that the exemption is unconstitutionally vague. This argument, however, is based on a literal reading of the exemption, which we have rejected. Cueto also seems to argue that the exemption denies him equal protection. It does not; the exemption is not arbitrary, but has a reasonable basis. *Espanola Housing Authority v. Atencio*, 90 N.M. 787, 568 P.2d 1233 (1977).

■ Thus, Cueto has a cause of action for workmen's compensation only if he is not a farm laborer within the meaning of the exemption. We hold that he is. The undisputed evidence in the record indicates that Cueto's primary responsibility was to manufacture fertilizer for farming operations. This was done on the farming premises of Stahmann, and was an essential part of the cultivation of the pecans; it is farm labor under the exclusion.

Injuries to farm workers are exempted from the provisions of the Workmen's Compensation Act even though they are injured while performing some service which is not farm labor. *See Koger v. A. T. Woods, Inc.*, 38 N.M. 241, 31 P.2d 255 (1934); *Rumley v. Middle Rio Grande Conservancy Dist.*, 40 N.M. 183, 57 P.2d 283 (1936) both of which were decided under the analogous provisions of former law. This rule is amply supported by policy considerations. If individual employees are continually changing their status under the Workmen's Compensation Act the entire system would become unwieldy, and employers might be discouraged from making effective use of their workers for fear of exposing themselves to uninsured claims. The exempt status of the employee should be judged from the general character of his work rather than his activity on any particular day.

The summary judgment of the trial court is affirmed.

IT IS SO ORDERED.

WOOD, C. J., and HERNANDEZ, J., concur.