795 P.2d 92

**Felix HOLGUIN, Claimant–Appellant,**

v.

**BILLY THE KID PRODUCE, INC., a
New Mexico Corporation,
Respondent–Appellee.**

No. 11922.

Court of Appeals of New Mexico.

June 21, 1990.

Kent Cooper, Jeffreys, Cooper & Associates, Deming, for claimant-appellant.

E. Douglas Latimer, Spann, Latimer & Hollowwa, Albuquerque, for respondent-appellee.

OPINION

BIVINS, Chief Judge.

Worker, Felix Holguin, appeals from the order of dismissal of the Workers' Compensation Division dismissing his claim for benefits. The only issue raised on appeal is whether worker is a farm laborer and

therefore excluded from coverage under NMSA 1978, Section 52-1-6(A) (Repl.Pamp. 1987) of the Workers' Compensation Act (the Act). We reverse the order dismissing worker's claim and remand for further proceedings.

Employer in this case is Billy the Kid Produce, Inc., a corporation engaged in the general business of farming in southwestern New Mexico. The corporation owns and leases crop-producing lands; its operations include irrigation, cultivation, harvesting, and processing crops to make them ready for shipment.

Worker was employed as a laborer in employer's onion shed. The onion shed is not located on any of the crop-producing land owned or leased by employer. The land on which the onion shed is located has no water rights and for that reason cannot produce crops. At the time of the hearing in this case, the land was assessed as commercial property by the Luna County Assessor.

The operations conducted in the onion shed can be described as follows. Onions are brought into the onion shed after harvest to be culled, sorted by size, and sacked for shipment. Initially, the onions are dumped into a large bin. The bin feeds the onions onto a conveyor that takes them to tables, where workers cull out the bad onions. From the tables, the conveyor moves the onions to a screen that sorts them by size. The sorted onions then move by conveyor to large wheels that have sacks attached. The wheels are turned by workers; as the wheels are turned, the sacks fill. When the sacks are full, workers take them off the wheels, tie them by hand, and stack them on slipsheets. A slipsheet is considered full when it has forty-five sacks. Full slipsheets are moved by forklift to the floor of the warehouse. The sacks of onions are loaded onto trucks by forklift if the truck can bear the weight; if not, workers load the sacks onto the trucks.

Worker's duties in the onion shed were primarily filling and stacking the sacks. On July 23, 1988, he injured his back while lifting a heavy bag of onions by himself.

Worker filed his claim for benefits on March 28, 1989, claiming benefits for temporary total disability, permanent partial disability, and medical benefits to cover the costs of the operation he had undergone. Employer moved to dismiss the claim, alleging that the Workers' Compensation Division lacked jurisdiction over the claim because employer is a farming operation and worker is a farm laborer. Employer and worker filed factual materials in support of and in response to the motion. The matter was set for a hearing on the motion. From the remarks during the hearing, it is apparent that the parties and the workers' compensation judge treated the motion to dismiss as a motion for summary judgment. *See* SCRA 1986, 1-012(B) (Cum. Supp.1989). After hearing legal argument on the motion, the judge granted employer's motion and dismissed worker's claim.

■ Section 52-1-6(A) provides in pertinent part that "[t]he Workmen's Compensation Act shall not apply to employers of private domestic servants or to employers of farm and ranch laborers." What is a "farm laborer" within the meaning of the Act is a question of law. Whether a worker fits the definition is ordinarily a question of fact. If, however, the facts are undisputed, then the question becomes one purely of law. *United States Fire Ins. Co. v. Alvarez,* 657 S.W.2d 463 (Tex.Ct.App.1983). In this case, the appellate issue is whether on the facts that were undisputed at the motion hearing, worker is, as a matter of law, a farm laborer.

This court has previously noted that a literal interpretation of the language of the statute leads to absurd results. *Cueto v. Stahmann Farms, Inc.,* 94 N.M. 223, 608 P.2d 535 (Ct.App.1980). Thus, the statute has been interpreted to exempt only farm and ranch laborers, rather than all the employees of an employer who employs some farm and ranch laborers. *Id.; Varela v. Mounho,* 92 N.M. 147, 584 P.2d 194 (Ct. App.1978). Similarly, the word "and" has been interpreted to mean "or." *Cueto v. Stahmann Farms, Inc.*

Whether a particular worker is a farm laborer within the meaning of the Act is determined by the general character of the worker's work, rather than his activity on any particular day. *Id.* Where the worker's primary responsibility is performed on the farming premises and is an essential part of the cultivation of the crop, the worker is a farm laborer and not covered by the Act. *Id.* Moreover, the general character of the employment is controlling, even though the worker may in fact have been injured while performing a service that is not farm labor. *Id.* Thus, New Mexico follows the majority rule. *See* 1C A. Larson, *The Law of Workmen's Compensation* § 53.00, at 9–189 (1986) ("The exemption of farm labor is construed according to the character of the work regularly performed by the employee, not according to the nature of the employer's business.").

While worker and another onion shed worker denied they ever worked in the fields, there is some evidence in the record that onion shed workers on occasion were sent to the fields to turn sacks of onions after it rained. Nevertheless, the determination of whether a worker is a farm laborer as that term is used in the Act is based on the worker's primary responsibilities, rather than occasionally performed tasks or responsibilities. *Cueto v. Stahmann Farms, Inc. See also* Larson, *supra*, § 53.40. It is clear from the record that the primary responsibilities of onion shed workers were in the shed, not in the field. Employer does not argue otherwise. Thus, we determine whether worker was a farm laborer based on the character of his work in the onion shed.

Under the facts represented, worker's primary responsibilities were not performed on land where crops were grown, nor were his duties an essential part of the cultivation of onions or related to some essential part of the cultivation process such as irrigation or fertilization. Thus, worker is not a farm laborer under the holding of *Cueto.* Employer argues that this case is controlled by *Varela.* In *Varela*, however, the worker conceded that he

was a farm laborer. Worker here does not. Thus, *Varela* does not assist us in determining whether worker is or is not a farm laborer.

Worker argues that the general nature of his employment consists of the processing of harvested crops, and therefore he is not a farm laborer. In support of his contention, he cites cases from other states that have held that workers in packing house operations are not exempt from workers' compensation coverage as farm laborers. *See Dobbins v. S.A.F. Farms, Inc.*, 137 So.2d 838 (Fla.Dist.Ct.App.1962); *United States Fire Ins. Co. v. Alvarez* (once cantaloupes were in the packing shed, they were no longer part of the farming process); *see also Robichaux v. Realty Operators*, 195 La. 70, 196 So. 23 (1940); *Hinson v. Creech*, 286 N.C. 156, 209 S.E.2d 471 (1974); *Cowiche Growers, Inc. v. Bates*, 10 Wash.2d 585, 117 P.2d 624 (1941); *Goodson v. L.W. Hult Produce Co.*, 97 Idaho 264, 543 P.2d 167 (1975).

In support of its position, employer points to *Anaya v. Industrial Commission*, 182 Colo. 244, 512 P.2d 625 (1973) (En Banc). In *Anaya*, the Supreme Court of Colorado held that the worker, who had been employed by a farmer to sort potatoes grown by the farm, was a farm laborer and therefore not covered by the Workers' Compensation Act. Under Colorado law, however, the term "farm labor" includes " 'all things incident to farming in the widest sense of that term.' " *Id.* at 246, 512 P.2d at 626 (quoting *Billings Ditch Co. v. Industrial Comm'n*, 127 Colo. 69, 72, 253 P.2d 1058, 1059 (1953) (En Banc)). We decline to adopt such a broad definition of farm labor. It is inconsistent with the above-cited cases and the common meaning of "farm labor." We are reluctant to adopt a definition that would provide such an expansive exception to workers' compensation coverage when the overall purpose of the Act is to provide coverage for workers. *See* NMSA 1978, § 52–5–1 (Cum. Supp.1989); *cf. Goodson v. L.W. Hult Produce Co.* (exceptions to coverage should be construed narrowly).

Additionally, employer argues that its "operation in sorting and sacking the onions was incidental to and the final part of its farming operation which began with the preplanting processing of the ground, continued through cultivation, harvest, and transportation of the product to a convenient and efficient place for sacking." In making this argument, it relies on Larson, *supra*, § 53.33, at 9–205, which provides, in part,

Another class of borderline cases is that of farmers who carry on business which goes beyond normal marketing of their own produce. Of course if a farmer does no more than go about and sell at retail the products of his own farm, he is still engaged in farming activities.[9] Moreover, labor that is merely incidental to selling a farm product, such as the sorting of potatoes,[9.1] is within the exemption.

We are not, however, willing to adopt the quoted proposition, at least in the context of a packing house operation. We find unpersuasive the authority cited by Larson in support of the proposition. The only case cited in footnote 9.1 is *Anaya*, which we have already rejected. As for the cases cited in footnote 9, we fail to see how they provide any support for the quoted proposition. Two cases appear in the footnote. *State ex rel. Brittain v. Hayes*, 143 La. 39, 78 So. 143 (1918) simply states that a farmer bringing his goods to town is not subject to a peddler license tax; the case has nothing to do with workers' compensation. The other cited case, *Hammons v. Franzblau*, 331 Mich. 572, 50 N.W.2d 161 (1951), simply states that a worker who picks apples and puts them in crates is a farm laborer.

In rejecting the proposition on which employer relies, we do not mean to say that there are not borderline cases in which a court must decide whether a worker is engaged in activities incidental to farming. That is not the case here.

Based on the record before us, it cannot be said as a matter of law that employer's sorting and packing operation was merely incidental to its farming operation.

■ In the final analysis, employer's position in this case is that worker is a farm laborer because employer's business is farming, and because worker handles a farm product, onions. However, the determination of whether a particular worker is a farm laborer is based on the nature of the employee's primary job responsibilities, not the nature of the employer's business. Similarly, the mere fact of handling an agricultural product is not sufficient to make a particular type of employment farm labor. If this were the case, large numbers of employees in the food processing business would be farm laborers within the meaning of the term.

In summary, worker in this case does not work on land that produces crops. The general nature of his employment was not essential to the cultivation of crops, or related to some essential incident of cultivation, such as irrigation or fertilization. The general nature of worker's employment in this case was packing and shipping. We agree with other courts that packing and shipping, even of farm products, does not constitute farm labor that is exempt from workers' compensation coverage under Section 52–1–6(A).

The order of the Workers' Compensation Division dismissing worker's claim for benefits is reversed. This case is remanded to the Workers' Compensation Division with instructions to reinstate worker's claim and to proceed consistently with this opinion.

We award worker his costs on appeal. SCRA 1986, 12–403(B)(3). We do not award worker attorney fees for this appeal because he has not yet been awarded compensation. However, if worker receives compensation, we direct the workers' compensation judge to award worker attorney fees for this appeal. *Nelson v. Nelson Chem. Corp.*, 105 N.M. 493, 734 P.2d 273 (Ct.App.1987); *Escobedo v. Agriculture Prods. Co.*, 86 N.M. 466, 525 P.2d 393 (Ct.App.1974). We deem oral argument unnecessary.

IT IS SO ORDERED.

MINZNER and HARTZ, JJ., concur.