This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JOE GRIEGO, ELOY VIGIL, RAMON MOLINA,**
**SIN FRONTERAS ORGANIZING PROJECT,**
**and HELP-NEW MEXICO, INC.,**

Plaintiffs-Appellees,

v.                                                                                                NO. 32,120

**THE NEW MEXICO WORKERS' COMPENSATION**
**ADMINISTRATION, and NED FULLER, in his**
**official capacity as Director of the Workers'**
**Compensation Administration,**

Defendants-Appellants.

**APPEAL FROM DISTRICT COURT OF BERNALILLO COUNTY**
**Valerie A. Huling, District Judge**

New Mexico Center on Law and Poverty
Gail Evans
Maria Martinez Sanchez
Albuquerque, NM

for Appellees

Gary K. King, Attorney General
Santa Fe, NM

Darin A. Childers, Special Assistant Attorney General
WCA General Counsel

Ned S. Fuller
WCA Director
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1}     During the course of this case, the three individual plaintiffs each settled their workers' compensation claims with the Workers' Compensation Administration. We must decide whether settlement of these claims renders moot the appeal of the district court's ruling that a portion of the Workers' Compensation Act is unconstitutional and its order to re-open the individual plaintiffs' claims.  Because we determine that the issues appealed relate to the district court's jurisdiction over and rulings relevant to the individual plaintiffs, we conclude that these issues are moot and dismiss the appeal.

**BACKGROUND**

{2}     Three individual plaintiffs and two organizational plaintiffs (collectively, Plaintiffs) brought a declaratory action against the Workers' Compensation Administration and its director (the WCA or Appellants) requesting a declaration that the portion of the Workers' Compensation Act, NMSA 1978, §§ 52-1-1 to -70 (1929, as amended through 2013), excluding farm and ranch laborers from its coverage was

a violation of workers' right to equal protection under Article II, Section 18 of the New Mexico Constitution. *See* § 52-1-6(A) ("The provisions of the Workers' Compensation Act shall not apply to employers of . . . farm and ranch laborers." (the exclusion)); NMSA 1978, §§ 44-6-1 to -15 (1975) (the Declaratory Judgment Act). In a later motion for final judgment, Plaintiffs also requested an injunction requiring the WCA to re-open the individual plaintiffs' claims and requiring the WCA to stop relying on the exclusion to deny claims.

{3}     The district court held that the exclusion was unconstitutional and ordered the WCA to re-open the individual plaintiffs' claims. It denied the organizational plaintiffs' request for other injunctive relief. Plaintiffs filed a motion asking the district court to reconsider its denial of the broader injunctive relief they had sought. But, before the court could rule, Plaintiffs withdrew their motion. The WCA appealed.

{4}     All three of the individual plaintiffs settled their claims with the WCA. This Court requested supplemental briefing from both parties as to why this appeal was not moot as a result of the settlement of the individual claims.

**DISCUSSION**

{5}     As a preliminary matter, we note that the organizational plaintiffs did not cross-appeal the district court's denial of their request for injunctive relief. They

3

nevertheless argue on appeal that this Court should issue an order granting that relief if it affirms the district court's rulings. But Plaintiffs do not argue that this Court can consider the issue under Rule 12-201(C) NMRA, which provides that "[a]n appellee may, without taking a cross-appeal . . . raise issues on appeal for the purpose of enabling the appellate court to affirm, or raise issues for determination only if the appellate court should reverse, in whole or in part, the judgment or order appealed from[,]" and we agree that Rule 12-201(C) does not provide an avenue for review of this request. Thus, it is not before the Court.

**{6}** In order to place the parties' responses to the mootness question in context, we review the issues appealed by Appellants. Appellants make two arguments. They maintain that (1) the district court lacked jurisdiction over the individual plaintiffs' claims because those plaintiffs should have pursued their challenge to the constitutionality of the farm and ranch labor exclusion through an appeal to the Court of Appeals as is required for appeals from decisions of workers' compensation judges; and (2) the district court did not have the authority to order the WCA to re-open the individual plaintiffs' claims for consideration on their merits. *See* NMSA 1978, § 52-5-8 (1989) (providing for appeal of workers' compensation judges' decisions to the Court of Appeals).

**{7}** Critical to our analysis is the fact that both of these arguments focus on the district court's jurisdiction over and treatment of the individual plaintiffs' claims. Appellants do not argue that the district court lacked jurisdiction over the *organizational* plaintiffs' claims, nor do they explicitly attack the district court's determination of unconstitutionality. Appellants also do not challenge the organizational plaintiffs' standing to bring a declaratory action against the WCA.

**{8}** The parties agree that the three individual plaintiffs have settled their claims with the WCA. They also agree that, consequently, Appellants' contention that the district court erred in ordering the WCA to re-open these claims is now moot. Appellants argue that their contention that the district court lacked jurisdiction to hear the declaratory action is also moot. In an interesting turnabout, Plaintiffs maintain that the appeal should not be dismissed as moot because the WCA "continues to urge that it is not bound to enforce the district court judgment declaring [the exclusion] unconstitutional" and that this case falls within exceptions to the mootness doctrine.

**{9}** The only issues before this Court are those appealed by Appellants. *Cf. In re Doe*, 1982-NMSC-099, ¶ 3, 98 N.M. 540, 650 P.2d 824 (recognizing that the appellate courts should not deviate from arguments presented). Those issues pertain only to the jurisdiction of the district court over the individual plaintiffs' declaratory action and to the power of the district court to order the WCA to re-open the individual plaintiffs'

5

claims. Those issues are moot. And since Appellants failed to appeal the district court's ruling on constitutionality or challenge the district court's jurisdiction over the organizational plaintiffs, the district court's ruling on this issue stands.

{10} To the extent Appellants maintain that "the [d]istrict [c]ourt's ruling [that the exclusion is unconstitutional invited] chaos" because it appears to conflict with an earlier Court of Appeals holding and that workers' compensation judges will have to choose whether to follow the district court's order or other case law, we disagree. *See Cueto v. Stahmann Farms, Inc.*, 1980-NMCA-036, ¶ 8, 94 N.M. 223, 608 P.2d 535. The district court considered the holding in *Cueto* and determined that it was inapposite because "among other distinctions, including the apparent lack of a developed factual record, that case was decided prior to the adoption of our modern rational basis test." As a party to the declaratory judgment action, the WCA is bound by the district court's ruling. *See State ex rel. Maloney v. Sierra*, 1970-NMSC-144, ¶ 10, 82 N.M. 125, 477 P.2d 301 (stating that the district court's decision on an unchallenged issue was final); § 44-6-2 (stating that declarations "shall have the force and effect of a final judgment or decree").

{11} If Appellants believed that the district court ruled contrary to established binding precedent, their remedy was to seek review of that decision in this Court. They did not. As this issue is not before us, we neither examine nor draw any

conclusions about it. *State v. Correa*, 2009-NMSC-051, ¶ 31, 147 N.M. 291, 222 P.3d 1 ("On appeal, issues not briefed are considered abandoned, and we do not raise them on our own."). Having chosen to focus their appeal only on the jurisdictional and authority issues discussed above, however, Appellants cannot now escape the effect of unchallenged parts of the district court's decision.

**CONCLUSION**

{12}    The appeal is dismissed.

{13}    **IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**JONATHAN B. SUTIN, Judge**